SAMUEL M. GILE vs. SAMUEL H. BOARDMAN.

Piscataquis.     Opinion December 21, 1917.

*Real actions.     Sheriff's deeds.     Adverse possession.*

This is a real action brought to recover the north half of lot No. 9, Range 17, in Kingsbury Plantation, Piscataquis County, and is before the court on report. The writ is dated August 28, 1915.

*Held:*

1. The testimony supports the plaintiff's contention that he was seized of the demanded premises within twenty years.

2. To render the defendant's contention available it should be made to appear that his grantor was a creditor, and that the conveyance was made for the purpose of defeating his claim, and it should be so apparent in a proper proceeding under a statute not invoked by him originally, or by the defendant in this case.

3. The legal title was in Mary E. Cooley. In 1888, the sheriff seized on execution the property of William Smith and sold the same to Henry Hudson, the defendant's grantor. That seizure and sale did not affect the title and ownership of Mary E. Cooley in the demanded premises. She had a right to sell and did sell the same to the plaintiff on January 20, 1913, by deed recorded February 1, 1913, which record antedates the record of a similar deed from the same grantors to Mr. Hudson, which for some reason he had held for years without recording. It does not appear that the plaintiff had knowledge of the latter deed to Mr. Hudson. The record of seizure and sale of the property of William Smith does not affect the title of Mary E. Cooley. That title was complete, and passed without legal interruption to Samuel M. Gile under the deed from Mary E. and Homer W. Cooley, dated January 20, 1913.

Writ of entry to recover certain lands in the County of Piscataquis, State of Maine.  Defendant filed plea of general issue and brief statement.  At the close of testimony, by agreement of parties, case was reported to Law Court for determination upon so much of the evidence as legally admissible.  Judgment for plaintiff.

Case stated in opinion.

*J. S. Williams, and Turner Buswell,* for plaintiff.

*Hudson & Hudson, Robert E. Hall, and Charles W. Hayes,* for defendant.

SITTING:   KING, BIRD, HALEY, HANSON, PHILBROOK, JJ.

HANSON, J.   This is a real action brought to recover the north half of lot No. 9, Range 17, in Kingsbury Plantation, Piscataquis County, and is before the court on report.   The writ is dated August 28, 1915.

Both parties claim under one William Smith.   The plaintiff introduced a deed from William Smith to Mary E. Cooley, dated August 5, 1886, and recorded October 5, 1886, and a deed from Mary E. Cooley and Homer W. Cooley to the plaintiff of the same premises, dated January 20, 1913, and recorded Feby. 1, 1913, and again recorded May 2, 1913.

The defendant claims title as follows:   On September 15, 1886, six weeks after the date of the deed from William Smith to Mary E. Cooley, and before that deed was recorded, Henry Hudson of Guilford sued out a writ of attachment against William Smith, returnable at the February term, 1887, of the Supreme Judicial Court for Piscataquis County, on which a real estate attachment was made.   Judgment was rendered therein September 25, 1888, and on October 25, 1888, the property was seized and advertised, and on December first following was sold to said Hudson, the sheriff's deed thereof being recorded February 26, 1889.   Henry Hudson conveyed the property to the defendant Samuel H. Boardman, April 22, 1901, by deed recorded April 26, 1901.

The defendant claims further that the action was not brought within twenty years after the right of action accrued, or in other words that Henry Hudson and his grantee, the defendant, had been in actual possession of the premises for more than twenty years when the writ in this action was brought.

The defendant at the outset attacks the conveyance from William Smith to Mary E. Cooley, and says that at the date of such conveyance Smith was indebted to Mr. Hudson in a sum, including interest, amounting to about $40, and that the conveyance being for support was without consideration, and void as to Mr. Hudson, the only creditor.

As to the first contention, that the action was not brought within the statutory period, and that the defendant and his grantee had been in actual possession for more than twenty years:   The testimony shows that the dwelling house on the premises was destroyed by fire in 1893, and that Mary E. Cooley and her husband moved to another

house nearby and remained there for two or three years, occupying the land in the meantime. One witness whose testimony appears to be clear and impartial fixes the date of removal of the Cooleys in 1896. The testimony of the local witnesses is conflicting, but we think the weight of the testimony supports the plaintiff's contention that he was seized of the demanded premises within twenty years. This conclusion is further supported by the fact that on August 3, 1899, Mr. Hudson procured from Mary E. and Homer W. Cooley a quitclaim deed of the demanded premises, which deed was recorded February 9, 1914. To render available the second contention it should be made to appear that Mr. Hudson was a creditor, and that the conveyance was made for the purpose of defeating his claim, and it should be so apparent in a proper proceeding under a statute not invoked by him originally, or by the defendant in this case. R. S., 1903, Chap. 78, Sec. 14; (R. S. 1916, Chap. 81, Sec. 14). *Fletcher* v. *Tuttle,* 97 Maine, 491; *Am. Agricultural Co.* v. *Huntington,* 99 Maine, 361; *Fall* v. *Fall,* 107 Maine, 539.

The defendant's counsel does not now rely upon the attachment, but does rely upon the seizure. This election simplifies the remaining questions which relate to the record title. As has been seen, William Smith conveyed to Mary E. Cooley, August 5, 1886. The legal title was then in Mrs. Cooley. In 1888, the sheriff seized on execution the property of William Smith and sold the same to the defendant. That seizure and sale did not affect the title and ownership of Mary E. Cooley in the demanded premises. She had a right to sell and did sell the same to the plaintiff on January 20, 1913, by deed recorded February 1, 1913, which record antedates the record of a similar deed from the same grantors to Mr. Hudson, which for some reason he had held for years without recording. It does not appear that the plaintiff had knowledge of the latter deed to Mr. Hudson. The record of seizure and sale of the property of William Smith does not affect the title of Mary E. Cooley. That title was complete, and passed without legal interruption to Samuel M. Gile under the deed from Mary E. and Homer W. Cooley, dated January 20, 1913.

The entry will be,

*Judgment for the plaintiff.*